IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10720
Conference Calendar
_____

KEVIN L. MCCARROLL,

Plaintiff-Appellant,

versus

JERALD GARRETT, Director Texas Board Pardons & Paroles
(T.B.P.P.); RACHEL GOMEZ, Director Wichita Falls Pardons &
Parole Office; KAREN HARRIS, Hearing Officer; RHONDA
JOHNSON, Field Officer,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:00-CV-103-R
- - - - - - - - - - -
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Kevin L. McCarroll, Texas prisoner # 353836, has filed a
motion for leave to proceed in forma pauperis ("IFP") on appeal.
By moving for IFP, McCarroll is challenging the district court's
determination that IFP should not be granted on appeal because
his appeal from the district court's dismissal of his civil-
rights complaint, filed pursuant to 42 U.S.C. § 1983, was not
taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cir. 1997).  Our review of the record and pleadings indicates that the district court did not err in dismissing McCarroll's complaint under Heck v. Humphrey, 512 U.S. 477 (1994). McCarroll's appeal from the dismissal of his complaint lacks arguable merit, and the district court did not err in finding that the instant appeal was not taken in good faith.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983)(lack of nonfrivolous issue on appeal precludes finding of "good faith" for purposes of 28 U.S.C. § 1915 and FED. R. APP. P. 24).

Accordingly, McCarroll's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the dismissal of his 42 U.S.C. § 1983 complaint in district court.  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  He previously filed a 42 U.S.C. § 1983 complaint which was dismissed as frivolous.  See McCarroll v. Callahan, No. 7:99-CV-115 (N.D. Tex. Sept. 24, 1999).  Because he now has accumulated three "strikes" under 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED.